```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION


VINCENT CARTER, #03528                                PLAINTIFF


VS.                          CIVIL ACTION NO. 3:10CV330TSL-MTP


RUFUS BURK, BRIAN LADNER, BERTHA SPIVEY
VARSHARSKE ANDERSON, JAMAL BRUCE,
SHARON PAIGE, SEAN SMITH, ERNEST LEE,
AND CHRISTOPHER SWEARENGEN, IN THEIR
OFFICIAL AND INDIVIDUAL CAPACITIES,
AND OTHER UNKNOWN JOHN AND JANE DOES A-Z            DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Rufus Burk, Varsharske Anderson, Sharon Paige, Earnest Lee, Brian Ladner, Sean Smith and Bertha Spivey for summary judgment based on Eleventh Amendment immunity and qualified immunity. Plaintiff Vincent Carter has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is well taken and should be granted.

Initially, the court notes that there is nothing in the record to indicate that process has been served on Jamal Bruce, a former correctional officer with the Mississippi Department of Corrections named as a defendant in plaintiff's complaint. The record reflects that summons was issued for Bruce nearly two years ago, on July 7, 2010, but no return has been filed. Accordingly,

plaintiff will be required to respond and show cause why his claim against Bruce ought not be dismissed pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute.[1]

Plaintiff Vincent Carter, an inmate with the Mississippi Department of Corrections, filed this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 against employees of the Mississippi Department of Corrections (MDOC)[2] asserting claims for violation of the Fifth, Fourteenth and Eighth Amendments, and also alleging state law claims for battery, assault, civil conspiracy and negligent and intentional infliction of emotional distress, relating to an incident in which he was attacked and beaten by a fellow inmate while incarcerated at Central Mississippi Correctional Facility (CMCF). Carter alleges in his complaint that on March 4, 2010, he reported to CMCF Associate Warden Brian Ladner and Gang Coordinator Bertha Spivey that he had received physical threats from other inmates (gang members) in Area A-2,

---

[1] The remaining defendants, employees of the Mississippi Department of Corrections, have been served and, represented by the same counsel, have collectively moved for summary judgment. As Bruce is not among the movants, references herein to "defendants" do not include Bruce.

[2] Plaintiff's complaint identifies the defendants as Ernest Lee, a warden at CMCF - Roving Unit Gates I & II, A Building, B Building and C Building; Rufus Burk, a CMCF employee "over security at the CMCF" and with responsibility and authority to hire, train, supervise, set policies and procedures; Brian Ladner, the warden at CMCF; Bertha Spivey, Gang Task Force Coordinator at CMCF; Varshake Anderson, a correctional officer at CMCF; Sharon Paige, Correctional Commander at CMCF; and Sean Smith, a member of the CID staff at CMCF.

where he was then housed.  Based on this report, Carter was placed in administrative protective custody; he was removed from the general population on that date and sent to MSU Area #3, a special management unit.  Plaintiff alleges that once in protective custody, he learned that one of the inmates who had threatened him, Christopher Swearengen, was also housed in protective custody.  On March 14, 2010, Carter wrote a letter to defendant Sharon Paige, Correctional Commander at CMCF, relating the threat from Swearengen, which he asked defendant Ladner to deliver to Paige.  The same day, upon receiving the letter, Paige visited plaintiff in protective custody, at which time plaintiff explained that he feared for his life to the point he did not want to leave his cell.  Plaintiff states that Paige "listened and promised she would come back the next day."  However, later that same day, he was attacked by Swearengen.

In his complaint, plaintiff alleges the attack occurred when Jamal Bruce, then a correctional officer at CMCF, failed to properly search, handcuff and escort Swearengen, and when defendant Varsharkse Anderson, the tower officer on duty at the time, opened plaintiff's cell door when requested to do so by Bruce, which made it possible for Swearengen to attack him.

Defendants moved for summary judgment on the basis of Eleventh Amendment immunity as to all plaintiff's federal claims against them in their official capacities for money damages, and

3

as to plaintiff's state law claims against them in their official capacities for monetary and injunctive relief. Defendants sought summary judgment on plaintiff's state law claims on the additional basis of immunity under the Mississippi Tort Claims Act (MTCA), see Miss. Code Ann. § 11-46-91(1)(m) (providing that governmental entity and employees in course and scope of employment not liable for any claim "[o]f any claimant who at the time the claim arises is an inmate of any detention center ... regardless of whether such claimant is or is not an inmate of any detention center...."). Further, they asserted entitlement to summary judgment on plaintiff's claims under state and federal law for injunctive relief on mootness grounds, since plaintiff is no longer incarcerated with the Mississippi Department of Corrections. See Knox v. McGinnis, 998 F.2d 1405, 1413-15 (7th Cir. 1993) (prisoner released from administrative segregation lacked standing to seek injunction barring prison officials from violating his Eighth Amendment rights). Finally, defendants asserted they are entitled to dismissal on qualified immunity grounds as to plaintiff's § 1983 claims against them in their individual capacities.

In response, plaintiff has conceded that his claim for injunctive relief is moot, and he has also conceded that under the MTCA, defendants are immune from suit as to his state law claims. However, plaintiff denies that defendants are entitled to Eleventh

Amendment immunity with respect to any of his claims, and he further opposes defendants' qualified immunity arguments.

Plaintiff's position with respect to defendants' Eleventh Amendment immunity is misguided.  Clearly, his § 1983 claim for the recovery of money damages from defendants in their official capacities is barred by the Eleventh Amendment, see Washington Legal Found. v. Texas Equal Access to Justice Found., 94 F.3d 996, 1005 n.52 (5th Cir. 1996) (holding that Eleventh Amendment immunity precludes federal claim for recovery of monetary damages against state officials in official capacity), as are his claims against them in their official capacity for any relief under state law, see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S. Ct. 900, 919, 79 L. Ed. 2d 67 (1984) (holding that federal courts are barred by the Eleventh Amendment from hearing state law claims against state officials in their official capacity under supplemental jurisdiction).  That leaves for consideration plaintiff's § 1983 claims against defendants in their individual capacities.  Defendants maintain they are entitled to summary judgment as to these claims based on the doctrine of qualified immunity.

"[G]overnment officials performing discretionary functions generally ... are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

5

would have known.'" Wilson v. Layne, 526 U.S. 603, 614, 119 S. Ct. 1692, 143 L. Ed. 2d 818 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "What this means in practice is that whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the 'objective legal reasonableness' of the official's action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Id., 119 S. Ct. 1692 (quoting Anderson v. Creighton, 483 U.S. 635, 639, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).  When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense.  See Bazan ex rel. Bazan v. Hidalgo County, 246 F.3d 481, 489 (5th Cir. 2001).  Thus, the doctrine of qualified immunity shields defendants from plaintiff's claim for money damages unless plaintiff shows "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, --- U.S. ----, ----, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011).

Defendants submit that plaintiff has failed to even allege, much less present evidence to demonstrate the violation of a constitutional right.  More specifically, they argue that since there is no evidence that any defendant acted with anything other

than ordinary negligence, then there was no constitutional violation and defendants are therefore entitled to qualified immunity. Plaintiff acknowledges that "[o]nly deliberate indifference will suffice to state a failure to protect claim; mere negligence is not sufficient." Hutchins v. Doe, C.A. No. C-12-041, 2012 WL 1190313, 4 (S.D. Tex. Mar. 19, 2012) (citing Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); see also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983); Verrette v. Major, No. 07-CV-00547, 2011 WL 3269319, 2 (W.D. La. July 29, 2011) (finding correctional officers entitled to qualified immunity, since even if officers were negligent, "'the mere negligent failure to protect a prisoner from assault does not comprise a constitutional violation'") (quoting Hinojosa v. Johnson, 270 Fed. Appx. 370, 378 (5th Cir. 2008).

Plaintiff alleges in his complaint only that defendants were negligent, stating as follows:

> The actions of Brian Ladner, Bertha Spivey, Captain Sean Smith, Officers Jamal Bruce, Varsharske Anderson, Rufus Burk and Earnest Lee on the day of this occurrence were negligent and unreasonable. Their actions caused injuries to the claimant which led to hospitalization and mental anguish of the claimant.

Plaintiff repeats this allegation verbatim in his response to defendants' motion: "The actions of Brian Ladner, Bertha Spivey,

7

Captain Sean Smith, Officers Jamal Bruce, Varsharske Anderson, Rufus Burk and Earnest Lee on the day of this occurrence were negligent and unreasonable." He goes on to argue that Bruce and Anderson, whom he identifies as "[t]he individual defendants who were most directly involved in the assault upon Mr. Carter," are not entitled to qualified immunity since as to them, there is a "question [as to] whether Defendants' actions were beyond negligent and raised a substantial risk of that harm to Mr. Carter." However, at no point does he take the position that any of the other defendants was anything other than merely negligent. Accordingly, he has failed to present facts that would amount to a constitutional violation by defendants Paige, Ladner, Spivey, Smith, Burke or Lee.

With regard to Officer Anderson, plaintiff's only allegation is that she was the tower officer on duty at the time of the incident, and that she opened the door to Swearengen's cell at Officer Bruce's request immediately prior to his attack on plaintiff. Plaintiff argues in response to defendants' motion that "the question of how Swearengen's cell opened is yet unanswered and under any circumstances, Varshake Anderson's actions were not objectively reasonable under the circumstances." However, plaintiff's own allegations are to the effect that Anderson did nothing more than unlock Swearengen's cell door at the request of her fellow correctional officer. Plaintiff does

8

not allege that Anderson knew of, and was deliberately indifferent to any threat which Swearengen posed to plaintiff.  Anderson's action in opening Swearengen's cell door would only amount to simple negligence and does not rise to the level of a constitutional violation.

Plaintiff has also alleged a conspiracy to violate his constitutional rights under 42 U.S.C. § 1983(3) pursuant to an agreement between Bruce and Swearengen, which Anderson allegedly joined "by her action."  He alleges the remaining defendants are liable under 42 U.S.C. § 1986 for deliberate indifference in failing to prevent this alleged conspiracy.  Defendants moved for summary judgment as to these claims on several grounds, including that plaintiff had failed to allege, or present evidence of the class-based animus required for a conspiracy claim under § 1985(3); and because a § 1986 neglect-to-prevent-a-conspiracy claim presupposes an actionable § 1985 conspiracy.  See Ickom v. Scott County, Civil Action No. 3:10-cv-568-DPJ-FKB, 2012 WL 628005 at *5 (S.D. Miss. Feb. 24, 2012) (finding § 1985 conspiracy claim failed because, among other reasons, "nothing about [his] allegations suggest[ed] the required 'class-based animus'," and ordering dismissal of § 1986 claim because "§ 1986 neglect-to-prevent-a-conspiracy claim presupposes a § 1985 conspiracy).  The motion is well taken.

Finally, plaintiff has purported to assert claims against all defendants for failure to train and supervise and negligent hiring, retention and discipline.  Defendants moved for dismissal of these claims on the basis that plaintiff's allegations are conclusory in nature and lack any factual backing.  In his response to the motion, plaintiff refers to these claims only to assert the only reference to these claims is his assertion that they "deserve further inquiry through discovery."  However, the Fifth Circuit has held that "discovery 'must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"  Winstead v. Box, 419 Fed. Appx. 468, 469, 2011 WL 1057558, 1 (5th Cir. 2011) (quoting Wicks v. Mississippi State Employment Serv., 41 F.3d 991, 994 & n.10 (5th Cir. 1995)).  Plaintiff has not made the necessary factual assertions either in his complaint, or in his response to defendants' motions.  Accordingly, he is not entitled to discovery, and these putative claims will be dismissed.

Based on all of the foregoing, it is ordered that defendants' motion for summary judgment is granted.

It is further ordered that plaintiff shall respond by June 18, 2012, and show cause why her complaint against defendant Jamal Bruce should not be dismissed for failure to prosecute.

SO ORDERED this 8th day of June, 2012.

10

```
                                    /s/Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE
```